NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 14a0089n.06

No. 13-5470

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Jan 31, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| JESUS ZAMARRIPA-MIRELES, | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| Defendant-Appellant. | ) | TENNESSEE |
| | ) | |
| | ) | |

BEFORE: BOGGS and MOORE, Circuit Judges; BARRETT, District Judge.[*]

PER CURIAM. Jesus Zamarripa-Mireles, a federal prisoner, appeals the sentence imposed following his guilty plea to a charge of conspiring to possess with intent to distribute more than five kilograms of cocaine. The district court calculated the guidelines sentencing range at 235 to 293 months of imprisonment, but varied downward and sentenced Zamarripa-Mireles to 192 months. On appeal, Zamarripa-Mireles argues that his sentence is procedurally unreasonable because the district court declined to grant him a minor-role adjustment to his offense level under USSG § 3B1.2(b).

We review a criminal sentence under an abuse-of-discretion standard for reasonableness. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). A sentence may be procedurally

---

[*]The Honorable Michael R. Barrett, United States District Judge for the Southern District of Ohio, sitting by designation.

unreasonable if the district court fails to properly calculate the guideline range. *Gall v. United States*, 552 U.S. 38, 51 (2007). The denial of a minor-role reduction is reviewed for clear error. *United States v. Latouf*, 132 F.3d 320, 332 (6th Cir. 1997). The defendant has the burden of proving his alleged minor-participant status by a preponderance of the evidence. *United States v. Elder*, 90 F.3d 1110, 1134 (6th Cir. 1996). An adjustment is warranted only where the defendant is substantially less culpable than the average participant. *United States v. Lanham*, 617 F.3d 873, 888 (6th Cir. 2010).

In this case, Zamarripa-Mireles was one link in a chain transporting cocaine from Mexico to Tennessee. His role was to obtain the cocaine from truckers who brought it into Texas and deliver it to the home of a coconspirator in Houston, who would then transport it to a storage unit, where it would be picked up and transported to a storage unit in Tennessee. Zamarripa-Mireles did not prove that he was substantially less culpable than the other links in the chain of transporting the cocaine. Therefore, we find no clear error in the denial of an adjustment to his offense level. Because Zamarripa-Mireles has not demonstrated that his sentence is procedurally unreasonable, we affirm the district court's judgment.